OWEN, Judge
(dissenting).
In plain and unambiguous language Rule 1.560 R.C.P. provides only for examination “ * * * in the manner provided in these rules for taking depositions.” (Emphasis supplied.) Although depositions may be by written interrogatories (Rule 1.320 R.C.P.) as well as by oral examination (Rule 1.310 R.C.P.), a deposition upon written interrogatories is not the same thing as written interrogatories propounded under Rule 1.340 R.C.P. The former is a deposition and qualifies under Rule 1.560 R.C.P. The latter is not a deposition and in my opinion is not encompassed within the clearly expressed language of Rule 1.560 R.C.P. While permitting post judgment discovery through the use of written interrogatories may be achieving a laudable result, if such a result is to be accomplished it should be by the Supreme Court’s rewording of the rule under its constitutional rule-making authority rather than by this court through the expediency of construing the word “depositions” in Rule 1.560 R.C.P. to mean “depositions or written interrogatories”. Having this view, I feel the trial court should have sustained the objection to all of the interrogatories.